IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 1:CR-11-200-02** |
| | : | |
| v. | : | |
| | : | |
| **MELVIN VASQUEZ-AGARIN** | : | |

# **M E M O R A N D U M**

Before the court is Defendant Melvin Vasquez-Algarin's ("Algarin") motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct a sentence. The government has filed a responsive brief and Algarin has filed a reply brief and the matter is ripe for disposition. For the reasons that follow, the motion will be denied.[1]

**I.       Background**

Algarin was charged in a two-count indictment with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine hydrochloride in violation of 21 U.S.C. § 846 and actual distribution and possession of the same in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). He pled guilty to a one-count superseding information on March 6, 2012 (Doc. 196). The plea was entered to conspiracy to distribute and possess with intent to distribute 500 grams and more of cocaine hydrochloride pursuant to a plea agreement. This plea agreement contained

---

[1] A hearing on this motion was not held because the record of this case shows conclusively that the Petitioner is not entitled to relief. *United States v. Lilly*, 536 F.3d 190 (3d Cir. 2008).

defendant's agreement to waive both direct appeal pursuant to 18 U.S.C. § 1291, 18 U.S.C. § 3742(a), and a collateral attack under 28 U.S.C. § 2255. (Doc. 53, ¶ 31.)

Algarin was sentenced on May 20, 2013 to a term of imprisonment of 135 months, a five-year term of supervised release, a fine of $700.00, and a special assessment of $100.00. The applicable guideline range was 108- 135 months imprisonment based on an offense level of 31 and a criminal history category of I.

**II.** **Petitioner's Claims**

Algarin alleges incompetency of counsel because she did not file an appeal, based upon what Algarin deems to have been given an inappropriate sentence.

**III.** **Incompetency of Counsel Standard**

A claim for ineffective assistance of counsel is evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The standard has two prongs. First, the petitioner must show that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Id.* at 687-88, 691 (1984). The first prong requires the petitioner to show that counsel made errors "so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* This showing can be made by demonstrating that the attorney's performance was unreasonable under prevailing norms. *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1993). The second prong of *Strickland* requires petitioner to show that the errors were "sufficiently serious as to deprive the defendant a fair trial, a trial whose result is liable." *Strickland*, 466 U.S. at 687. To establish prejudice, the petitioner must show

"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Mannio*, 212 F.3d 835, 840 (3d Cir. 2000). With these precepts in mind, Algarin's claim will be addressed.

**IV.**     **Discussion**

The record at the arraignment and guilty plea proceeding shows that Algarin was advised by the assistant United States attorney that he was waiving his rights to appeal. (Doc. 196 at p. 6.) This court also explained the two types of appeal that he would ordinarily have and that he was waiving the same. (*Id.* at p. 8.) He was also asked whether he understood these rights to which he replied "Yes." (*Id.*).

In his reply brief to the government's response, Algarin states that at the time of sentencing, this court advised him of his appeal rights. (*See* Minute Sheet of Sentencing Proceeding, Doc. 127.) The sentencing proceeding has not been transcribed; however, this court's standard advice at the time of sentencing to a defendant who has waived his appeal rights in a signed plea agreement is as follows:

> You can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary, or there is some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law. However, a defendant may waive those rights as part of a plea agreement, and you have entered into a plea agreement which waives your right to appeal under 18 U.S.C. § 3742, or on any other grounds. Such waivers are generally enforceable, but if you believe the waiver is unenforceable, you can present that theory to the appellate court. With few exceptions, any notice of appeal must be filed within 14 days after sentence is imposed on you.
>
> If you are unable to pay the cost of an appeal, you may apply for leave to appeal in forma pauperis. If you so

request, the Clerk of Court will prepare and file a notice of appeal on your behalf.

Based on the foregoing, Algarin argues that despite his waiver he still had the right to appeal. He claims that his sentence is contrary to the law and therefore he still had the right to appeal. Algarin claims he requested counsel to do so and she did not.

Assuming that counsel agreed to file an appeal and did not, the court must determine how or whether this prejudiced Algarin. It appears from the petition that Algarin is asserting that this court imposed a sentencing enhancement which increased his applicable guideline range; however, Algarin does not set forth the alleged enhancement. Nevertheless, the record shows that Algarin was sentenced within his guideline range and no enhancement was imposed. Thus, any appeal would have been frivolous. Algarin has suffered no prejudice by counsel's failure to take an appeal.

An appropriate order will be issued.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: June 16, 2014.