IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:11-cr-200-02 |
| | : | |
| **v.** | : | |
| | : | |
| **MELVIN VASQUEZ-ALGARIN** | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court is Petitioner Melvin Vasquez-Algarin's ("Algarin") motion for relief pursuant to 28 U.S.C. § 2241(c)(3) requesting that this court "correct constitutional errors" in his sentence. (Doc. 271, p. 12.) Algarin acknowledges that he previously filed a writ pursuant to 28 U.S.C. § 2255 which was denied. However, he claims his instant petition is challenging the illegality of the execution of his sentence pursuant to §2241(c)(3).

In spite of Algarin's labeling of his cause of action, the wording of his allegations clearly show that his cause of action is an attack on his sentence. As such, this action should be filed pursuant to § 28 U.S.C. 2255. Algarin faces several obstacles with this cause of action.

A proceeding under § 2255 must be brought within one year from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Algarin was sentenced on May 20, 2013. He did not take a direct appeal. His deadline for filing a habeas petition would have been on or about June 2014. Thus, the instant petition is untimely.

Another obstacle Algarin faces is that the instant petition would be a second or successive petition which requires approval from the circuit court of appeals. 28 U.S.C. § 2255(h). Algarin filed a motion pursuant to 28 U.S.C. § 2255 on March 17, 2014. That motion was dismissed by this court because in his plea

agreement he waived his right to appeal his sentence under 18 U.S.C. § 1291; 18 U.S.C. §3742(a) & 28 U.S.C. §2255. He did not appeal that disposition.

Algarin's labeling his cause of action as a motion pursuant to 28 U.S.C. § 2241(c)(3) is an effort to avoid the barriers set forth above. The "savings clause" of § 2255 forbids courts from entertaining habeas petitions under §2241 from prisoners authorized to apply for relief under § 2255 unless a § 2255 motion would be inadequate or ineffective. *Cradle v. United States ex rel Miner*, 290 F.3d 536, 539 (3d Cir. 2002). A § 2241 petition is the proper means to challenge the execution of a sentence or confinement that is not the result of a criminal court's judgment. "It is the inefficiency of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538. The fact that Algarin cannot satisfy the gatekeeping requirements for filing a § 2255 motion does not make a § 2255 inadequate or ineffective to justify using a §2241 petition.

The motion will be denied.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: January 24, 2017